UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD LEE KING,

                Petitioner,

v.

MAGGIE MILLER-STOUT,

                Respondent.

Case No. C08-1770-MJP-BAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Edward Lee King is a state prisoner who is under the jurisdiction of the Indeterminate Sentence Review Board ("the Board"). He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking immediate release from custody on the grounds that the time he has spent in custody has now exceeded the sentence originally imposed by the Board in 1987. Respondent has filed a motion to dismiss petitioner's petition as a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). Petitioner has filed a response to respondent's answer. This Court, having reviewed the entirety of the record, concludes that respondent's motion to dismiss should be denied.

REPORT AND RECOMMENDATION - 1

## STATE COURT AND BOARD PROCEDURAL HISTORY

On September 17, 1981, petitioner entered pleas of guilty to two counts of first degree rape while armed with a deadly weapon in King County Superior Court. (Dkt. No. 7, Ex. 2.) On October 21, 1981, the trial court imposed a maximum sentence of 20 years on each count and ordered that the sentences run consecutively. (*Id*.) The trial court then suspended petitioner's sentence and ordered that petitioner enter into the Sexual Psychopathy Program at Western State Hospital and successfully complete that program. (*Id*.)

On January 18, 1982, petitioner entered pleas of guilty to three counts of first degree rape while armed with a deadly weapon in Snohomish County Superior Court. (*Id*., Ex. 1 at 1.) On May 7, 1982, the trial court imposed a maximum sentence of 20 years on each count and ordered that the sentences run consecutively. (*Id*., Ex. 1 at 2.) Those sentences were also suspended on condition that petitioner comply with all of the conditions set forth with respect to his King County sentences. *See State v. King*, 130 Wn.2d 517, 521 (1996).

On April 25, 1986, petitioner's suspended sentences were revoked and petitioner was committed to the Washington Department of Corrections. *Id*. at 522. On January 16, 1987, the Board fixed the duration of petitioner's confinement on Count I of his Snohomish County case at 180 months and on Counts 2 and 3 of his Snohomish County case at 95 months each. (Dkt. No. 7, Ex. 4.) The Board ordered the three terms to be served consecutively. (*Id*.) The Board also fixed the duration of petitioner's confinement on his King County charges at 84 months each and ordered the terms to be served consecutively to each other, but concurrently with the sentences imposed in the Snohomish County case. (*Id*., Ex. 5.)

On July 23, 1993, the Board authorized petitioner's parole from Count I of his King County case to Count II of the same case. (*Id*., Ex. 6.) The Board made clear in its decision that

REPORT AND RECOMMENDATION - 2

it was not finding petitioner parolable. (Dkt. No. 7, Ex. 6 at 4.) On September 14, 1994, the Board considered petitioner's case again and again found petitioner not parolable. (*Id.*, Ex. 7.) The Board made no change in petitioner's sentence structure at that time. (*Id.*) On April 15, 1997, the Board reviewed petitioner's case and once again found him not parolable. (*Id.*, Ex. 8.) The Board, at that time, extended petitioner to his maximum expiration date, June 16, 2002, with respect to Count I of his Snohomish County case and denied petitioner accumulated good time to the date of that hearing. (*Id.*)

On February 5, 1998, the Board reaffirmed its prior decision to extend petitioner to his maximum expiration date with respect to Count I of his Snohomish County case. (*Id.*, Ex. 9) The Board also added 75 months to petitioner's minimum term with respect to Count II of his King County case which was running concurrently with petitioner's sentence on Count I of his Snohomish County case. (*Id.*) On February 20, 2002, the Board found petitioner not parolable with respect to Count II of his King County case and added another 60 months to petitioner's minimum term. (*Id.*, Ex. 10.)

On August 30, 2005, the Board again found petitioner not parolable with respect to Count II of his King County case and extended petitioner to his maximum expiration date, August 25, 2013, on that charge. (*Id.*, Ex. 11.) The Board also indicated it was making no change to the time structure of Count II of petitioner's Snohomish County case which petitioner was then serving concurrently with County II of his King County case. (*Id.*)

On April 24, 2007, the Board reviewed petitioner's sentence only with respect to Count II of his Snohomish County case. (*Id.*, Ex. 12.) The Board found petitioner not parolable on that count and added 60 months to his minimum term. (*Id.*)

REPORT AND RECOMMENDATION - 3

## FEDERAL COURT PROCEDURAL HISTORY

On September 15, 1997, petitioner filed a federal habeas petition in this court challenging his 1981 King County rape convictions and his 1982 Snohomish County rape convictions. (Dkt. No. 7, Ex. 13.) Petitioner identified five grounds for relief in his petition: (1) petitioner's right against compelled self-incrimination was violated when statements obtained from him during the course of court-ordered treatment were used to revoke his probation and to impose an exceptional minimum prison term; (2) petitioner's right to due process was violated when statements obtained from him during the course of court-ordered treatment were used to revoke his probation and to impose an exceptional minimum prison term; (3) petitioner's right to due process was violated when the Board imposed an exceptional minimum term which was not supported by an adequate factual basis; (4) petitioner's guilty pleas were constitutionally invalid because he was not advised of the potential consequence of consecutive sentences or of the total mandatory penalty; and, (5) petitioner was denied effective assistance of counsel when his counsel failed to raise petitioner's psychologist-patient privilege at the evidentiary hearing on his personal restraint petition. (*See id.*, Ex. 13, Attachment A at 1-5.)

On May 6, 1998, the Honorable John L. Weinberg, United States Magistrate Judge, issued a Report and Recommendation recommending that the petition be denied with prejudice. (*Id.*, Ex. 17.) That recommendation was adopted by the Honorable William L. Dwyer, United States District Judge, on June 6, 1998. (*Id.*, Ex. 18.) Petitioner's counsel subsequently filed a request for a certificate of appealability, which was granted. (*Id.*, Exs. 19 and 20.) In a memorandum decision filed on July 16, 1999, the Ninth Circuit affirmed the district court's denial of habeas relief. (*Id*, Ex. 21.) Petitioner's petition for rehearing and his petition for rehearing en banc were subsequently denied. (*Id.*, Ex. 22.)

REPORT AND RECOMMENDATION - 4

On December 8, 2008, petitioner filed the instant petition for federal habeas relief. (Dkt. No. 1.) In his petition, petitioner identifies his 1981 King County judgment of conviction as the judgment under attack and he sets forth two grounds for relief. (*See id.*) Specifically, petitioner asserts that his continued incarceration constitutes cruel and unusual punishment and violates due process. (*Id.* at 5 and 7.) Petitioner alleges the following facts in support of his claims:

> In 1987 Petitioner was legally sentenced to a determinate sentence of 30 years and 10 months (see attached exhibits 1, 2, 3, and 4). Petitioner was arrested and started his time on June 29, 1981. Petitioner has served 330 months and earned 165 months of good time (petitioner has paid a total of 495 months – 41 years). Petitioner has never lost a day of good time. It is cruel and unusual to deny this petitioner his liberty for no justifiable, legal reason indefinitely.

(Dkt. No. 1 at 5.)

Petitioner's petition was ordered served on respondent and, on January 21, 2009, respondent filed a motion to dismiss the petition as second or successive. (Dkt. No. 7.) On February 2, 2009, petitioner filed a response in opposition to respondent's motion to dismiss. (Dkt. No. 10.) Respondent's motion is now ripe for review.

## DISCUSSION

Respondent argues in her motion to dismiss that the instant habeas petition constitutes a "second or successive application" within the meaning of 28 U.S.C. § 2244(b) and that the Court should therefore dismiss the petition or transfer it to the Ninth Circuit.

By statute, this Court is without jurisdiction to consider a second or successive habeas petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A); Circuit Rule 22-3. Title 28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive habeas petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

REPORT AND RECOMMENDATION - 5

Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court . . . ." *Id*. at 664. Permission may be obtained only by filing, with the appropriate appellate court, a motion for authorization to file a successive habeas petition with the district court. The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in § 2244(b)(2).

While § 2244 establishes the procedural and substantive requirements which govern "second or successive" habeas petitions, that section does not define what constitutes a "second or successive" petition. The Ninth Circuit has recognized, as have numerous other circuits, that the term "second or successive" should be defined with reference to abuse of the writ principles developed in cases which preceded the enactment of the Antiterrorism and Effective Death Penalty Act of 1996. *Hill v. Alaska*, 297 F.3d 895, 897-98 (9th Cir. 2002) (citing cases). "An 'abuse-of-the-writ' occurs when a petitioner raised a habeas claim that could have been raised in an earlier petitioner were it not for excusable neglect." *Id*. at 898 (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

In *Hill*, the Ninth Circuit explained that the fact "[t]hat a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Id*. at 898 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). A petition is not deemed second or successive if the claims presented had not yet arisen or could not have been raised at the time of a prior petition. *See id*. at 898-99.

REPORT AND RECOMMENDATION - 6

The question, therefore, is whether the claims asserted by petitioner in the instant petition could have been raised in his earlier petition. Respondent argues that petitioner's current claims could have been presented in his 1997 habeas petition. (*See* Dkt. No. 7 at 17.) Respondent notes that petitioner's current habeas claims pertain to allegedly unlawful actions by the Board, and that petitioner's first habeas petition presented a claim which alleged that the Board's minimum term was unsupported by an adequate factual basis. (*Id*.) Respondent contends that nothing prevented petitioner from raising either of his current habeas claims in his first petition. (*Id*.)

This Court disagrees. Petitioner asserts in his petition that he was sentenced in 1987 to a determinate sentence of 30 years and 10 months and that his continued confinement is therefore unconstitutional. (*See* Dkt. No. 1 at 5.) In his response to respondent's motion to dismiss, petitioner explains that his position is that the Board imposed a fixed term of confinement when it sentenced him in 1987, not a minimum term, and that he has now served that sentence. (Dkt. No. 10.) Petitioner further explains that he has not previously raised his current claims in federal court because he only recently completed the sentence imposed by the Board in 1987. (*Id*.)

Irrespective of whether petitioner's current claims have merit, it appears clear that the claims had not yet arisen at the time petitioner filed his first habeas action in 1997 and, thus, could not have been raised at that time. This Court therefore concludes that the instant petition does not constitute a "second or successive application" for federal habeas relief.

//
//
//
//
//

REPORT AND RECOMMENDATION - 7

## CONCLUSION

For the foregoing reasons, this Court recommends that respondent's motion to dismiss be denied and that respondent be directed to file an answer to the instant petition. A proposed Order accompanies this Report and Recommendation.

DATED this 26th day of March, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8